# EXHIBIT A



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: [redacted]
Reg#: [redacted]

Dept. of Justice / Federal Bureau of Prisons GONZALEZ-ALMONTE, YOHEIDY

| | |
|---|---|
| Institution: **BROOKLYN MDC** | Incident Report Number: [redacted] |
| NAME OF INMATE: **GONZALEZ-ALMONTE, YOHEIDY** | REG.NO.: [redacted] UNIT: [redacted] |
| Date of Incident Report: **11-12-2024** | Offense Code(s): **108** |
| Date of Incident: **11-12-2024** | |

Summary of Charges:

**108 -- POSSESSING A HAZARDOUS TOOL.**

I. NOTICE OF CHARGE(S)

A. Advanced written notice of charge (copy of Incident Report) was given to inmate on **11-13-2024** at **0829 hrs** (by staff member) **E. McCray**

B. The DHO Hearing was held on **11-18-2024** at **0917 hrs**

C. The inmate was advised of the rights before the DHO by (staff member): **Alvarez** on **11-14-2024**
and a copy of the advisement of rights form is attached.

D. Delay in Process **None**

II. STAFF REPRESENTATIVE

A. Inmate waived right to staff representative: [Yes] **X** [No] _

B. Inmate requested staff representative and **NA** appeared.

C. Staff Representative's Statement:
**NA**

D. Requested staff representative declined or could not appear but inmate was advised of option to postpone hearing to obtain another staff representative with the result that:
**NA**

E. Staff representative **NA** was appointed.

III. PRESENTATION OF EVIDENCE

A. Inmate ( ) admits ( **X** ) denies the charge(s).

B. Summary of Inmate Statement:

**The inmate stated he was issued a copy of the incident report. He did not request a staff representative, nor did he request witnesses provide testimony on his behalf during his hearing. He did not submit any documentary evidence for review by the DHO. He stated he understood his rights before the DHO and he was ready to proceed with his DHO hearing.**

**He stated I didn't know it was there**



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: [redacted]
Reg#: [redacted]
Dept. of Justice / Federal Bureau of Prisons GONZALEZ-ALMONTE, YOHEIDY

C. Witnesses

1. The inmate waived right to witnesses. [Yes] X [No] __

2. The following persons were called as witness at this hearing and appeared (Each witness name and statement listed below):
**NA**

3. The following persons requested were not called for the reason(s) given (Each witness name and statement listed below):
**NA**

4. Unavailable witnesses were requested to submit written statements and those statements received were considered (Each witness name and statement listed below):
**NA**

D. Documentary Evidence. In addition to the Incident Report and Investigation, the DHO considered the following documents:
**Incident Report - Chain of Custody, Contraband -- (BOP-IRCCC)**
**Incident Report - Photographs -- (BOP-IRPHO)**

E. Confidential information was used by DHO in support of his findings, but was not revealed to the inmate. The confidential information was documented in a separate report. The confidential information has been (confidential informants have been) determined to be reliable because:
**NA**

IV. FINDINGS OF THE DHO

X A. The act was committed as charged.

_ B. The following act was commmitted: ________________

_ C. No prohibited act was committed: Expunge according to inmate discipline PS.

V. SPECIFIC EVIDENCE RELIED ON TO SUPPORT FINDINGS (Physical evidence, observations written documents, etc.)

**Translator #206518**

**Your due process rights were read, and reviewed with you by the DHO, at the time of your hearing. You stated you understood your rights, and had no documentary evidence to present. You did not request the services of a staff representative. You waived witnesses to provide testimony on your behalf.**

**Based on the weight of the evidence the DHO concluded the prohibited act of Code 108: Possession of a Hazardous Tool was committed. The DHO based this decision on the following evidence:**

**On November 12, 2024, the SIS Department conducted random cell searches on housing unit [redacted]. Specifically, cell [redacted], where inmate GONZALEZ-ALMONTE, YOHEIDY,**





**[redacted] resides, was searched. During the search, a BLUE SAMSUNG CELLULAR PHONE / IMEI: 350915260434118 / SIM ID:89012804320215873414 was discovered concealed in the wall where the tissue holder is mounted. The cellular phone was confiscated without further incident.**

**Also, the DHO considered your testimony during the DHO hearing.**

**NOTE: To possess means to have on one s person/under one s dominion or control of hard contraband identified.**

**The DHO considered your continued disruptive behavior, also your unwillingness to accept FULL responsibility for your actions, and the seriousness of this particular prohibited act infraction. The fact there is a zero tolerance for inmates to utilize or possess any types of hazardous tools (Unauthorized Electronic Devices and/or Accessories) in a Correctional Setting, when determining your slightly progressive sanctions for this prohibited act.**

**The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.**

VI. SANCTION OR ACTION TAKEN

**108 (FREQ 1) - DIS GCT 41 DAYS, 108 (FREQ 1) - DS 30 DAYS (SUSPEND 180 DAYS), 108 (FREQ 1) - LP VISIT 180 DAYS**

When imposing a sanction of Disciplinary Segregation (DS), The Discipline Hearing Officer considered the time served as a primary means when calculating your sanction of (DS). This may not always be a viable option, due to concerns related to the safety of staff, safety of inmates or safety and security of the institution.

VII. REASON FOR SANCTION OR ACTION TAKEN

**The action/behavior on the part of Possession of a Hazardous Tool significantly threatens the health, safety, and welfare of not only himself, but of all persons, whether another inmate or any other person, who are involved in the act. This will not be tolerated. Past evidence has shown that disruptive conduct has led to serious damage to the institution, as well as serious injury to staff and inmates involved and not involved in the disruptive conduct. The sanctions imposed by the DHO were taken to inform the inmate that he will be held responsible for his actions/behaviors at all times.**

**The sanction involving Disciplinary Segregation was taken to deter any further negative behavior and to enforce the standard of inmate being held responsible for their actions. A total of 30 days Disciplinary Segregation is being suspended (for this incident report) for a period of 180 days clear conduct, as a motivation to refrain from ANY negative behavior. Any committed infractions during this period; you will be required to serve these 30 days Disciplinary Segregation in full.**

**The sanctions imposed involving Disallowance of Good Conduct Time (41 days) and Loss of Privileges (Visits 180 days), were also taken to enforce the standard of inmates being held responsible for their actions.**

**The DHO considered your continued disruptive behavior, also your unwillingness to accept full responsibility for your actions, and the seriousness of this particular prohibited act infraction. The fact there is a zero tolerance for inmates to utilize or possess any types of hazardous tools (Unauthorized Electronic Devices and/or Accessories) in a Correctional Setting, when determining your slightly progressive sanctions for this prohibited act.**

**You should be aware, any future disruptive behavior, will be cause for the DHO to consider**



BP-A0304 **DISCIPLINE HEARING OFFICER REPORT** IR#: [redacted]

Reg#: [redacted]

Dept. of Justice / Federal Bureau of Prisons GONZALEZ-ALMONTE, YOHEIDY

**more significant progressive disciplinary sanctions, in accordance with P.S. 5270.09, Page 55, in an effort to convince you this type of behavior is not acceptable, and it is imperative to abide by all institutional rules, and regulations. This type of behavior will ABSOLUTELY not be tolerated.**

**The DHO expects these sanctions will serve to deter you from similar misconduct in the future and convince you to abide by all institution rules and regulations.**

VIII. APPEAL RIGHTS: **X** The inmate has been advised of the findings, specific evidence relied on, action and reasons for the action. The inmate has been advised of his right to appeal this action within 20 calendar days under the Administrative Remedy Procedure. A copy of this report has been given to the inmate.

IX. Discipline Hearing Officer

| Printed Name | Signature | Date |
|---|---|---|
| **E. ROGERS** | **E. ROGERS** | **11-18-2024** |

DHO Report Delivered to Inmate by:

| **T LEE** | **T LEE** | **11-19-2024 1043 hrs** |
|---|---|---|
| Printed Name of Staff | Signature of Staff | Date & Time Delivered |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.